IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| vs. | § | CIVIL ACTION NO. B-02-024 |
| | § | CRIMINAL NO. B-90-360 |
| RIGOBERTO MORA-OCHOA, | § | |
| Petitioner, | | |

## MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO TITLE 18 U.S.C.A. 3582 (c)(2) & 1B1.10 OF THE U.S.S.G.

TO THE HONORABLE JUDGE OF SAID COURT:

**Comes now,** Rigoberto Mora-Ochoa-- , the movant herein acting Pro-Se and submits this Motion for Modification of Sentence Pursuant to Title 18 U.S.C.A. 3582 (c)(2) & 1B1.10 of The United States Sentencing Guidelines, and would show this Honorable Court as follow:

Movant at this time would invoke The United States Supreme Court decision on **Haines vs. Kerner 404-U.S.-519 L Ed. 2d.** Wherein the court held that allegations of a Pro-Se complaint to less stringent standards than formal pleadings drafted by Lawyers, and would respectfully ask this Honorable Court to construct this motion liberally based on the New Amendment to 2L1.2 of The United States Sentencing Guidelines.

### The United States Sentencing Guidelines ( U.S.S.G. ) 1B1.10

States in part: Reduction in term of imprisonment as a result of Amended Guideline Range;

(a)   Where a defendant is serving a term of imprisonment, and the Guideline Range applicable to that defendant has subsequently been lowered as a result of an Amendment to The Guidelines Manual listed in subsection (c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C.A. 3582 (c)(2).

### TITLE 18 U.S.C.A. Section 3582 States in part:

(b)   Effect of finality of judgement. Notwithstanding the fact that a sentence of imprisonment can subsequently be:

(1)   Modified pursuant to the provisions of subsection (c).

### SUBSECTION (c), States in part:

(c)   **MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT:**

The court may not modify a term of imprisonment once it has been imposed except that;

(A)   The court upon motion of The Director of The Bureau of Prisons may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a), to the extent that they are applicable, if it finds that;

(2)   In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by The Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or The Director of The Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a), to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by The Sentencing Commission.

The United States Sentencing Guidelines, has enacted a New Amendment to the offense of illegal re-entry into The United States (2L1.2). Said Amendment is part of the **"Economic Crime Package"** enacted by Congress on November 1, 2001.

( 2 )

Said amendment is a **"Clarification"** to all Federal Courts regarding the use of the aggravated felony classification.

It provides a new sentence enhancement on the prior conviction used in 2L1.2 because the New Amendment to 2L1.2 is a **"Clarification"** and also clearly subsequently lowers this movant's term of imprisonment, is therefore authorized to This Honorable Court for a reduction of this movant's term of imprisonment by Way of this Motion for Modification of Sentence pursuant to 18 U.S.C.A. 3582 (c)(2).

The Sentencing Guidelines in effect of a particular date shall be applied on its entirely... However if the court applies an earlier edition of the guideline manual, the court shall consider subsequent amendment to the extent that such amendments are **"Clarifying"** rather than substantive changes, See **United States vs. Carrillo, 991 F 2d. (9th.Cir.).**

The fact that the New Amendments are **"Clarifying"** for all Federal Courts Regarding the use of the aggravated felony, for purposes of the sixteen levels enhancement, makes this movant's sentence irrelevant and inconsistent with the New Amendments of The United States Sentencing Guidelines.

## CONCLUSION

For the foregoing reasons movant **PRAYS** that this Honorable Court would **GRANT** the relief herein requested; And/or for this Honorable Court to **GRANT** any relief which may deem just and proper.

Respectfully Submitted,

*Rigoberto Mora-Ochoa*
Rigoberto Mora-Ochoa
Reg. # 94310-079
Reeves County Detention Center
P.O. Box 1560
Pecos, Texas 79772

**CERTIFICATE OF SERVICE**

I, **Rigoberto Mora-Ochoa,** hereby certify that on the 18 day of July, 2002. The original and two (2) copies of the foregoing motion, were sent via U.S. Mail with correct prepaid postage attached to:

United States District Court
Juan Barbosa, Deputy in Charge
600 E. Harrison St., Room 1158
Brownsville, Texas 78520-7114

*/s/ Rigoberto Mora Ochoa*
Rigoberto Mora-Ochoa