IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 15 2002

Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent, § | |
| § | |
| vs. § | C.R. NO. B-00-360 |
| § | |
| RIGOBERTO MORA-OCHOA § | |
| Petitioner. § | |
| (C.A. No. B-02-024) § | |

**RESPONSE AND MOTION TO DISMISS MORA-OCHOA'S
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

TO THE HONORABLE JUDGE OF THE COURT:

The United States of America, "the government", files this Response and Motion to Dismiss Rigoberto Mora-Ochoa's (Ochoa) Motion for Relief under 28 U.S.C. § 2255. In support thereof the government would show the court the following:

I

JURISDICTION

Ochoa attacks the propriety of the judgment of conviction and sentence entered by this Court on January 30, 2001 (DOC 23), for violations of 8 U.S.C. §1326(a) and (b), being found in the United States after previously having been deported. Ochoa filed the instant motion to vacate the judgment of conviction and sentence on February 5, 2002 (DOC 1)[1]. On July 26, 2002, Ochoa filed a motion to modify sentencing (DOC 27). The court ordered the motion to

---

[1] Civil Docket Entry #02-CV 24

1

modify sentencing as an amendment to Ochoa's original §2255 motion. (DOC 8)[2] This Court is vested with jurisdiction under 28 U.S.C. § 2255.

## II

## GROUNDS FOR RELIEF

In his motion for relief under 28 U.S.C. § 2255, Ochoa argues entitlement to the application of USSG §2L1.2(1)(C) (Eff. Nov. 1, 2001) although he was sentenced on January 16, 2001. He claims the district court's error violated his due process rights.

## III

## SUMMARY OF FACTS

On July 29, 2000, Ochoa was arrested for a domestic violence charge and placed in Cameron County jail (PSR 5). It was revealed that Ochoa was an illegal alien (PSR 5). The U.S. Immigration and Naturalization Service (INS) was notified regarding Ochoa (PSR 5). The agents conducted a record check which revealed Ochoa's prior record. He had not obtained consent from the Attorney General of the United States for readmission into the United States (PSR 6).

Ochoa was convicted on May 31, 1996 of burglary of a habitation in Cause No. 96-CR-200B in Cameron County, Texas. He was sentenced to eight years in custody (PSR 4). Following conviction, Ochoa was deported to Mexico on October 8, 1998 (PSR 4).

On October 5, 2000, Ochoa entered a plea of guilty under Rule 11(e)(1)(B) to the charge of being found in the United States after previously having been deported in violation of 8 U.S.C. §1326(a) and (b) (DOC 23). The government agreed to recommend that Ochoa receive

---

[2] Civil Docket Entry #02-CV 24

004

credit for timely acceptance of responsibility and to recommend a sentence at the low end of the applicable sentencing guideline range. The court accepted Ochoa's plea.

The probation officer recommended a total offense level of 21. This included a base offense of eight plus sixteen level increase under USSG § 2L1.2(b)(1)(A) because Ochoa had been deported from the United States to the Republic of Mexico in October 1998 (PSR 12). With a three level reduction for acceptance of responsibility, Ochoa's total offense level proved to be 21 (PSR & 20). Ochoa's extensive criminal history netted him 13 criminal history points placing him in a criminal history category VI.

With an offense level of 21 and a criminal history score placing him in category VI, Ochoa was subject to an imprisonment range of 77 to 96 months (DOC 23). On January 16, 2001, the court sentenced Ochoa a 77-month term of imprisonment (DOC 23).

IV.

## MOTION TO DISMISS AND AUTHORITIES

Ochoa's prior conviction of burglary of a habitation is an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43).[3] Ochoa argues that the district court should have used a new sentence guideline effective November 1, 2001, even though his sentencing was before the effective date; his sentencing was held on January 16, 2001 (DOC 22). Section USSG § 2L1.2(b)(1)(A) provided that the conviction was for an aggravated felony, increased by 16 levels. Thus, under § 2L1.2(b)(1)(A), the sixteen level increase was added to his base offense level of 8. With a three level reduction for acceptance of responsibility Ochoa's total offense level proved to be 21

---

[3] "(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year"



(PSR & 21). The district court applied the correct sentencing guideline effective on January 16, 2001 by using the sentencing guideline that was effective from November 1, 1999 through November 1, 2000.

Ochoa's argument that the district court should have used the new sentencing guideline which is effective on November 1, 2001 is without merit. *U.S. v. Davidson*, 283 F.3d 681 (5th Cir. 2002) (Sentencing Guidelines in effect on the date of defendant's sentencing are used to calculate his sentence. U.S.S.G. § 1B1.1); *U.S. v. Drath*, 89 F.3d 216 (5th Cir. 1996) (Held that amendments to Sentencing Guidelines would not be given retroactive effect).

The government prays that Ochoa's motion for relief under 28 U.S.C. §2255 be denied and that this court enter an order dismissing this action.[4]

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
YONG J. AN
Assistant United States Attorney
910 Travis, Suite 1500
Texas Bar No. 24033612
Federal ID No. 29460
P.O. Box 61129
Houston, Texas 77208
(713) 567-9506

---

[4] The government requested the sentencing transcript on September 20, 2002. As of October 15, 2002, the transcript has not been completed. The information contained in PSR is sufficient for this court to make its determination.

## CERTIFICATE OF SERVICE

I, Yong J. An, certify that a true and correct copy of the above document has been served by placing same in the United States mail, postage prepaid, today, October 15, 2002 addressed to:

Rigoberto Mora-Ochoa
Prisoner No. 94310-079
San Antonio CCM
727 E Durango Blvd., Room B138
San Antonio, TX 78206

_____
Yong J. An
Assistant United States Attorney

