*12*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RIGOBERTO MORA-OCHOA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-024 |
| | § | CRIMINAL NO. B-00-360 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rigoberto Mora-Ochoa has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On October 5, 2000, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for a prior aggravated felony. After adjustments, his guideline level was 21, and he possessed a criminal history level of VI. Therefore, the applicable imprisonment range was from seventy-seven (77) to ninety-six (96) months. On January 16, 2001, the District Court sentenced Petitioner to seventy-seven (77) months of incarceration.

On February 5, 2002, Petitioner filed this 28 U.S.C. § 2255 Application.

## ALLEGATIONS

In his motion for relief under Section 2255, Mora-Ochoa argues entitlement to the application of USSG § 2L1.2(1)(C) (effective Nov. 1, 2001). He claims the district court's error violated his due process rights.

## ANALYSIS

Petitioner Mora-Ochoa's prior conviction of burglary of a habitation is an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43). Petitioner argues that the district court should have used a new sentence guideline effective November 1, 2001, even though his sentencing was before the effective date. Petitioner was sentenced by the district court on January 16, 2001. The district court applied the correct sentencing guideline effective on January 16, 2001.

Mora-Ochoa's argument that the district court should have used the new sentencing guideline which became effective on November 1, 2001, is without merit.[1] Amendments to the sentencing guidelines are not be given retroactive effect.[2] Therefore, Mora-Ochoa's petition must fail.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[1] See United States v. Davidson, 283 F.3d 681, 684 (5th Cir. 2002) (holding that the guidelines in effect on the date of the defendant's sentencing are used to calculate his sentence).

[2] See United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

DONE at Brownsville, Texas, this ___14th___ day of November, 2002.

Felix Recio
United States Magistrate Judge

---

[3] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RIGOBERTO MORA-OCHOA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-024 |
| | § | CRIMINAL NO. B-00-360 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

Hilda Tagle
United States District Judge